Hon. Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,              )
                                       )
                    Plaintiff,         ) NO. CR 22-180 LK
                                       )
          v.                           ) SENTENCING MEMORANDUM
                                       ) OF DEFENDANT
RYAN HOLMQUIST,                        )
                                       )
                    Defendant.         )
_____)

I.   INTRODUCTION

     Ryan Holmquist is before the court for sentencing following
his plea of guilty to one count of conspiracy to distribute
controlled substances, 21 U.S.C. §§841(a)(1), 841(b)(1)(C),and
846.

     In <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160
L.Ed.2d 621 (2005), the court held that the United States
Sentencing Guideline ranges were advisory rather than mandatory,
and that a sentencing court was to consider statutory factors,
such as those set forth in 18 U.S.C. § 3553(a), in tailoring a
sentence in a particular case.

II.  ADVISORY UNITED STATES SENTENCING GUIDELINE CALCULATIONS

     Even though it will not impact criminal history category in
this case, counsel believes that the conviction involving drug
paraphernalia would be subject to dismissal pursuant to <u>State of</u>

RALPH HURVITZ
ATTORNEY
P.O. Box 25642
SEATTLE WA 98165
206.223.1747

1  <u>Washington v. Blake</u>, 197 Wn.2d 170, 481 P.3d 581 (2021).  The

2  facts as set forth in this paragraph of the presentence report

3  describe possession rather than use of drug paraphernalia.  The

4  confusion in denoting the conviction as use of the paraphernalia

5  might well stem from the inclusion of both use and possession in

6  the same statutory section.  R.C.W. 69.50.412.  However,

7  subtraction of one criminal history point would leave Mr.

8  Holmquist in criminal history category III.

9      Counsel would also note that the commission of the present

10 offense occurred before, rather than after the imposition of

11 sentence in Issaquah Municipal Court case number 3A0140933.  No

12 criminal history points were added for this conviction.

13     In sum, there is no dispute as to the advisory sentencing

14 range per the United States Sentencing Guidelines.

15 III. SENTENCING RECOMMENDATION

16     Counsel recommends that Mr. Holmquist be sentenced to a term

17 of imprisonment of twelve months, with the balance remaining on

18 this sentence converted to home confinement.  This sentence is

19 sufficient, but not more than necessary, to achieve the goals of

20 sentencing in this case.

21 IV.  BASIS FOR RECOMMENDATION

22     A. THE HISTORY AND CHARACTERISTICS OF MR. HOLMQUIST

23     Despite his strict and religiously grounded upbringing, Mr.

24 Holmquist was vulnerable to peer influences, particularly after

25 his parents divorced when he was fifteen years old.  He was

26 SENTENCING MEMORANDUM OF DEFENDANT-2

27

28

RALPH HURVITZ
ATTORNEY
P.O. Box 25642
SEATTLE WA 98165
206.223.1747

introduced to oxycontin and methamphetamine at the age of seventeen by high school classmates. His drug use expanded when he attended Lake Washington Technical College.

Mr. Holmquist worked at Discount Tire after graduation. Most of his income went to support his drug habit. Unable to afford rent, he moved in with his mother. At that time, he was using heroin and marijuana. He kept his mother from learning of his heroin use.

Several years later, he became romantically involved with Missica Tax, who had been his drug supplier. Ms. Tax was herself a drug user. They had a child together, a daughter named Brooklyn. When Child Protective Services became involved, Ms. Tax moved in with her mother. When Brooklyn was two years old, Mr. Holmquist lost his job at Superior Marine. Once again unable to afford rent, he stayed with Ms. Tax part of the time, and couch surfed with friends otherwise.

Mr. Holmquist met Amanda, his current wife, in 2021. She did not have, nor does she have now, any drug dependency. She urged him to get treatment. Her entreaties were unsuccessful. Mr. Holmquist used drugs daily until his arrest in the present case. His involvement in trafficking was as a procurer for other redistributors. The redistributors gave him controlled substances for his own use in lieu of cash.

Mr. Holmquist credits his arrest in this case for moving him to turn his life around. Attached to this memorandum, and

SENTENCING MEMORANDUM OF DEFENDANT-3

RALPH HURVITZ
ATTORNEY
P.O. Box 25642
SEATTLE WA 98165
206.223.1747

incorporated by reference, is a heartfelt and eloquent essay written by Mr. Holmquist himself in support of his application to participate in the DREAM program. This, better than anything counsel can express, shows the insight that Mr. Holmquist has in his previous behavior and confidence in his ability to avoid engagement with controlled substances in the future.

B. THE SENTENCE RECOMMENDED HEREIN WILL BE ADEQUATE TO PROTECT THE PUBLIC AND TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT

Mr. Holmquist has been out of custody on the terms of an appearance bond since October 28, 2022. What he did following his release is instructive.

Realizing that he would best move forward by temporarily removing himself from the community where he connected with drug traffickers, Mr. Holmquist relocated from the home of his wife and her children to that of his mother and her husband in Pinehurst, Idaho. When he arrived there, he worked as a framer, and enrolled in a drug addiction treatment program at Good Samaritan Rehabilitation in Coeur d'Alene. The effectiveness of this program for Mr. Holmquist speaks for itself.

Following the completion of the treatment program at Good Samaritan, Mr. Holmquist returned to Issaquah to be with his wife and stepsons. He completed intensive outpatient treatment at Snoqualmie Tribe Health Services. His certificate of completion is attached to this memorandum and incorporated by reference. His counselor at Snoqualmie Tribe Health Services, Perez Seda,

SENTENCING MEMORANDUM OF DEFENDANT-4

offered a testament to the changes she observed and the outlook she foresees for Mr. Holmquist.  Her progress report dated April 15, 2024 is attached to this memorandum and incorporated by reference.

V.    CONCLUSION

Attached to this memorandum, and incorporated by reference, are letters from family members of Mr. Holmquist. The letter writers include his wife, his stepsons, his mother, his stepfather, his father, his sisters, his maternal grandparents, and a coworker.  All form the parameters of a strong support system which will help to ensure success going forward.

Dated this 18th day of September, 2024

s/Ralph Hurvitz<br>
RALPH HURVITZ<br>
Attorney for Defendant<br>
WSBA 7365<br>
P.O. Box 25642<br>
Seattle WA 98165<br>
Tel: (206)223-1747<br>
Email: ralph@hurvitz.com

SENTENCING MEMORANDUM OF DEFENDANT-5

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September, 2024, I electronically filed with the clerk of the court, using the CM/ECF system, the sentencing memorandum of defendant, which will send notification of such filing to counsel.

s/Ralph Hurvitz
RALPH HURVITZ
WSBA 7365
P.O. Box 25642
Seattle WA 98165
Tel: (206)223-1747
Email: ralph@hurvitz.com