UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>RYAN HOLMQUIST,<br><br>　　　　　　Defendant. | CASE NO. 2:22-cr-00180-LK<br><br>FINAL ORDER OF FORFEITURE |

This matter comes before the Court on the Government's Motion for a Final Order of Forfeiture, Dkt. No. 455, seeking to forfeit to the United States Defendant Ryan Holmquist's interest in the following (the "Subject Property"):[1]

1. Three boxes of 9mm Luger ammunition; and
2. Miscellaneous loose rounds of ammunition.

---

[1] This order does not address the Ruger Security-9 pistol (serial number 383-03286), with a loaded magazine attached and two additional loaded magazines (the "Ruger/Magazines"), which was subject to a now-resolved third-party claim. Dkt. No. 459.

FINAL ORDER OF FORFEITURE - 1

The Court, having reviewed the Government's motion, as well as the other papers and pleadings filed in this matter, hereby finds that entry of a Final Order of Forfeiture is appropriate for the following reasons:

1. On September 23, 2024, the Court entered a Preliminary Order of Forfeiture finding the Subject Property and Ruger/Magazines forfeitable pursuant to 21 U.S.C. § 853(a) as property that facilitated, and/or that constitutes proceeds of, Mr. Holmquist's commission of Conspiracy to Distribute Controlled Substances. Dkt. No. 328.

2. Thereafter, the Government published notice of the pending forfeiture as required by 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure 32.2(b)(6)(C). Dkt. No. 367. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6)(A), the Government provided direct notice to three potential claimants to the Subject Property and Ruger/Magazines. Dkt. No. 456 at 2; Dkt. No. 455 at 2–3.

3. Joshua Hinds filed a claim as to the Ruger/Magazines, but not as to the Subject Property. Dkt. No. 422. The other two potential claimants did not file claims. The time for filing third-party claims to the Subject Property has expired, and none were filed. Dkt. No. 455 at 3.

Now, therefore, the Court ORDERS the following:

1. No right, title, or interest in the Subject Property exists in any party other than the United States;

2. The Subject Property is fully and finally condemned and forfeited, in its entirety, to the United States;

3. The United States Department of Justice, Federal Bureau of Investigation, and/or their representatives, are authorized to dispose of the Subject Property in accordance with the law; and

4. The Court will retain jurisdiction for the purpose of enforcing the Final Order of Forfeiture as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

IT IS SO ORDERED.

Dated this 18th day of June, 2025.

*Lauren King*
Lauren King
United States District Judge

FINAL ORDER OF FORFEITURE - 3